UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEFON MORANT : | CIVIL NO. |
| *Plaintiff.* : | |
| V. : | |
| : | |
| MICHAEL BEAUDRY, : | |
| EDWARD CORL : | |
| *Defendants.* : | MARCH 16, 2007 |
| : | |

## C O M P L A I N T

### I. PRELIMINARY STATEMENT

1. Count One is an action pursuant to Title 42 U.S.C. §1983 to redress the deprivation of rights secured by the Eighth Amendment of the United States Constitution. The plaintiff charges the defendants with cruel and unusual punishment during the plaintiff's confinement.

2. Count Two is an action pursuant to Title 42 U.S.C.§ 1985 to redress the conspiracy of the defendants to deprive the plaintiff of rights secured under the law.

### II. JURISDICTION

3. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and §§ 1983, 1988 and 12132 of Title 42 of the United States Code.

### III. PARTIES

4. During all times mentioned in this action, the plaintiff Stefon Morant was, and still is, an adult citizen of the United States currently incarcerated in the state of Connecticut. He has filed a grievance with the State of Connecticut Department of Corrections.

5. During all times mentioned in this action, the defendants and each of them were duly appointed correctional officers for the State of Connecticut, Department of Corrections, acting in their official capacities. They are sued, however, in their individual capacities.

6. During all times mentioned in this Complaint, the defendants were acting under color of law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the State of Connecticut.

7. At all times mentioned in this Complaint, the individual defendants acted jointly and in concert with each other. Each defendant had the duty and the opportunity to protect the plaintiff from the unlawful actions of the other defendants but each defendant failed and refused to perform such duty, thereby proximately causing the plaintiff's injuries herein complained of.

## IV.	STATEMENT OF CLAIMS

### COUNT ONE: EIGHTH AMENDMENT

8. The plaintiff is an African American inmate serving a lengthy sentence where he was placed in 1995 with the State of Connecticut Department of Corrections, MacDougall Correctional Facility (MacDougall).

9. On or about May 22, 2006, the plaintiff was sent to the segregation unit at MacDougall pending an administrative investigation.

10. The plaintiff was placed in solitary confinement while the facility investigated an incident.

11. On or about May 24, 2006, more than seventy-two (72) hours later, the plaintiff was falsely issued a Class B Contraband ticket; a charge which did not warrant placement in the segregation unit.

12. On or about June 8, 2006, the plaintiff was escorted to a disciplinary hearing and charged with an additional Class A disciplinary charge for Conspiracy to Assault an Officer.

13. The plaintiff had nothing to do with the incident in question; the plaintiff's cellmate was involved in a physical altercation with a female correctional officer.

14. At the time of the incident, the plaintiff was not in his cell.

15. The defendants were charged with investigating the matter and believed the plaintiff was aware of his cellmate's intention to attack their fellow correctional officer.
16. As a result, the defendants began to harass and pressure the plaintiff to provide information he told them he did not have.
17. The defendant, Beaudry asked the plaintiff who his enemies were, suggesting that he would allow them to harm the plaintiff.
18. The defendants began to target the plaintiff and other African American inmates to solicit information.
19. Several African American inmates were issued unwarranted tickets for the purpose of forcing information out of them.
20. On or about June 29, 2006, a hearing was conducted and the plaintiff was found guilty of the charges and subject to reprisal and retaliation by the defendants.
21. On or about July 11, 2006, the plaintiff was transferred to a Super Maximum Security, State of Connecticut Department of Corrections Northern Correctional facility, for the charges.
22. There was no evidence to support the allegations against the plaintiff.
23. During the plaintiff's eleven (11) years of incarceration, he had not had any serious disciplinary actions taken against him.

24. The defendants colluded for the purpose of retaliating against the plaintiff because they believed he was witholding information about the incident between the plaintiff's cellmate and a correctional officer.

25. As a result of the defendant's actions, the plaintiff lost extensive priveleges and rights, in that he was:

    a. confined in solitary confinement for twenty-six (26) days, isolating him from the general population;

    b. moved from a lesser phase requiring the use of shackles and handcuffs;

    c. unable to have phone calls for sixty (60) days;

    d. prohibited from receiving or sending mail for a lengthy period of time;

    e. forbidden from participating in social actvities;

    f. prohibited from watching television or listening to the radio;

    g. forced to seek mental health treatment; and

    h. required to give up the employment he had earned.

26. The plaintiff lost twenty pounds (20lbs) from the stress of the defendants' actions.

27. The plaintiff filed a grievance in good faith with the State of Connecticut Department of Corrections, but no action was taken.

28. In the manner described above, the plaintiff charges the defendants with cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

## COUNT TWO: CONSPIRACY

1-29 Paragraphs 1 through 29 of Count One are hereby made Paragraphs 1 through 29 of Count Two.

29. Through the above named actions and in obstructing the investigation, the defendants conspired to deprive the plaintiff and others by force, intimidation and threats of his rights as citizens.

**WHEREFORE,** the plaintiff claims judgment against the defendants and each of them, jointly and severally, as follows:

    A. Compensatory damages in an amount this Court shall consider to be just, reasonable and fair;

    B. Punitive damages in an amount this Court shall consider to be just, reasonable and fair;

    C. Attorney fees and the costs of this action pursuant to 42 USC § 1988;

    D. Such other relief as this Court shall consider to be fair and equitable.

7

**CLAIM FOR JURY TRIAL**

The plaintiff claims trial by jury of all issues in this case.

        THE PLAINTIFF

        BY_____
                DAWNE WESTBROOK
                Federal Bar No. ct21987
                PO BOX 2502
                Middletown, CT 06457
                PHONE: 860 633-2139
                FAX:  860 633-2749
                dawnewestbrook@mac.com
                His Attorney